UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL A. ARMSTRONG and 191 LENAPE HEIGHTS LAS VEGAS, NV., <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN HOME MORTGAGE ACCEPTANCE INC., AMERICAN HOME MORTGAGE SERVICING 3 INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., U.S. BANK NATIONAL ASSOCIATION, POWER DEFAULT SERVICES INC. and DOES 1-100, <br><br> Defendants. | Case No.: 2:11-cv-01305-GMN-LRL <br><br> **ORDER** |

Before the Court is Defendant Power Default Services Inc.'s Motion to Dismiss (ECF No. 2) and Defendant American Home Mortgage Servicing 3 Inc.'s Joinder to Defendant Power Default Services Inc.'s Motion to Dismiss. (ECF No. 10, 11.) Plaintiffs have not filed a Response to the Motion to Dismiss. Defendant Power Default Services Inc. has, however, filed Notice of Non-Opposition. (ECF No. 9.) For the reasons that follow, the Motion to Dismiss and Joinder to Motion to Dismiss will be GRANTED. Plaintiffs' Complaint will be dismissed without prejudice.

**I.      BACKGROUND**

This lawsuit was originally filed on July 15, 2011 in the Eighth Judicial District Court, Clark County, Nevada. (ECF No. 1.) The case was removed to this Court on August 12, 2011. *Id*. Plaintiffs' Complaint alleges causes of action against Defendants

related to the foreclosure proceedings that have been initiated against Plaintiff Daniel A. Armstrong's property. *Id*.

On August 12, 2011, Defendant Power Default Services Inc. filed a Motion to Dismiss. (ECF No. 2.)  Pursuant to D. Nev. R. 7-2(b), Plaintiffs had fourteen days after service of the Motion to file a Response; therefore, Plaintiffs had until August 29, 2011 to file a Response.  Not only did Plaintiffs fail to meet this deadline, Plaintiffs have failed to file any Response at all.

On September 9, 2011, Defendant American Home Mortgage Servicing 3 Inc. filed its Joinder to Defendant Power Default Services Inc.'s Motion to Dismiss. (ECF No. 10, 11.)

## II.   DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mutual*

*Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiffs' failure to respond to Defendant's Motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Defendant's Motion to Dismiss and Joinder to Motion to Dismiss are GRANTED. Plaintiffs' Complaint is dismissed without prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant Power Default Services Inc.'s Motion to Dismiss (ECF No. 2) and Defendant American Home Mortgage Servicing 3 Inc.'s Joinder to the Motion to Dismiss (ECF No. 10, 11) are **GRANTED**. Plaintiffs' Complaint is **DISMISSED without prejudice**.

DATED this 12th day of September, 2011.

_____
Gloria M. Navarro
United States District Judge